# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| TERRY FRANK, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| *vs.* | ) Case No.: |
| RGS FINANCIAL INC., a Texas Corporation; and, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff, TERRY FRANK ("FRANK"), on behalf of himself and all others similarly situated, brings this action for the illegal practices of Defendant, RGS FINANCIAL INC. ("RGS"). In support of his Class Action Complaint, Plaintiff says:

1. Plaintiff, on his own behalf and on behalf of the class he seeks to represent, and demanding a trial by jury, brings this action for the illegal practices of RGS who used unfair, unconscionable, false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect alleged debts from the Plaintiff and others. Plaintiff alleges RGS's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and Texas Debt Collection Practices Act, Tex. Fin. Code § 392, *et seq.* ("TDCPA").

2. Such collection practices include, *inter alia*, sending consumers written communications in an attempt to collect debts, which make false, deceptive, and misleading statements.

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

5. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

6. The TDCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. Tex. Bus. & Com. Code Ann § 17.50; *Cushman v. RGS Financial Inc.*, 397 Fed.

Appx. 24 (5th Cir. 2010) (discussing the "tie-in" provision between the TDCPA and deceptive practices Acts).

7. Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, injunctive relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, TDCPA, and all other common law or statutory regimes.

8. This case involves an obligation, or an alleged obligation, primarily for personal, family, or household purposes, and arising from a transaction or alleged transaction. As such, this action arises out of "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

## II. PARTIES

9. FRANK is a natural person.

10. At all times relevant to this complaint, FRANK has been a citizen of, and resided in, the City of Oshkosh, Winnebago County, Wisconsin.

11. At all times relevant to this complaint, RGS is a for-profit corporation existing pursuant to the laws of the State of Texas.

12. Plaintiff is informed and believes, and on that basis alleges, that RGS maintains its principal place of business at 1700 Jay Ell Drive, Suite 200, City of Richardson, Dallas County, Texas.

13. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. The Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

14. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business

-3-
Case 1:17-cv-01239-WCG    Filed 09/12/17    Page 3 of 15    Document 1

entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures used by the employees of RGS that are the subject of this Complaint. Those Defendants personally control, and are engaged in, the illegal acts, policies, and practices utilized by RGS and, therefore, are personally liable for all the wrongdoing alleged in this Complaint.

### III. JURISDICTION & VENUE

15. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

16. Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367.

17. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

18. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendant is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV. FACTS CONCERNING THE PARTIES

19. Plaintiff is alleged to have incurred and defaulted on a financial obligation to BMO Harris Bank, N.A. ("BMO Obligation").

20. The alleged BMO Obligation arose out of a transaction alleged for a credit card account from Plaintiff which was incurred, if at all, for personal, family or household purposes.

21. Plaintiff is informed and believes, and on that basis alleges, that in or about February 2016, the original creditor of the BMO Obligation accelerated the debt and demanded full payment at once, determined the debt was uncollectable, and then decided to "charge-off"

the debt.

22. Creditors charge-off defaulted debts in accordance with federal regulations that require the creditor to remove the debt from their financial statements as assets. *See* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a 'charge-off' account (or worthless account for taxable purposes) when no payment has been received for 180 days."). These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

23. RGS contends the BMO Obligation is in default.

24. The alleged BMO Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

25. The alleged BMO Obligation is a "consumer debt" as defined by Tex. Fin. Code § 392.001(2).

26. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

27. Plaintiff is, at all times relevant to this complaint, a "consumer" as that term is defined by Tex. Fin. Code § 392.001(1).

28. Plaintiff is informed and believes, and on that basis alleges, that sometime prior to September 21, 2016, the creditor of the BMO Obligation either directly or through intermediate transactions assigned, placed, or transferred the debt to RGS for collection.

29. RGS is a company that collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

30. RGS has a collection agency license from the State of Wisconsin.

31. RGS maintains a debt collector surety bond as required by the State of Texas license as required by Tex. Fin. Code § 392.001.

32. RGS has a web site on which it states that its activities include "Third-party Debt Collections" (https://www.rgsfinancial.com/who-rgs/services/).

33. RGS is, at all times relevant to this complaint, engaged in the act and/or practice of "debt collection" as that term is defined by Tex. Fin. Code § 392.001(5).

34. RGS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

35. RGS is, at all times relevant to this complaint, a "debt collector" as that term is defined by Tex. Fin. Code § 392.001(6).

36. RGS is, at all times relevant to this complaint, a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

37. On or about September 21, 2016, RGS mailed a collection letter to Plaintiff concerning the BMO Obligation, which was dated September 21, 2016, and which Plaintiff received in the ordinary course of mail. ("9/21/2016 Letter"). A true and correct copy of the 9/21/2016 Letter is attached hereto as **Exhibit A**, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers and Plaintiff's home address to protect Plaintiff's privacy.

38. The 9/21/2016 Letter was mailed, or caused to be mailed, to Plaintiff by persons employed by RGS as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

39. The 9/21/2016 Letter was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

40. The 9/21/2016 Letter was sent to Plaintiff in connection with the collection of a "consumer debt" as defined by Tex. Fin. Code § 392.001(2).

41. The 9/21/2016 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

42. The 9/21/2016 Letter is a form letter, regularly used by RGS to collect debts.

43. The 9/21/2016 Letter RGS states, "AMOUNT OWED: $6,425.22."

44. The 9/21/2016 Letter RGS offers to settle the alleged debt for a lump sum of $3,855.14 and invites payment arrangements.

45. The bottom of the second page of the 9/21/2016 Letter contains the following disclaimer:

> The Internal Revenue Service (IRS) requires financial institutions to annually report to the IRS discharges of debt in amount of $600 or greater. If the settlement you agreed to pay results in a discharge of $600 or more of the principle [sic] balance due on your account, the owner of the debt may report that amount to the IRS by filing form 1099c. A copy of this form will be provided to you by the owner of the debt once filed. If you have any questions regarding the 1099c form, please contact your tax advisor.

46. RGS regularly uses the quoted language in collection its letters.

47. Plaintiff was insolvent on September 21, 2016.

48. Plaintiff's insolvency continued and, on March 14, 2017, about six months later, Plaintiff filed a voluntary petition under Chapter 7 of the Bankruptcy Code, 17-22019-gmh (E.D.Wisc.). (This claim was disclosed, following which the trustee filed a no-asset report, resulting in it being deemed abandoned.)

49. According to the bankruptcy filing, Plaintiff had been unemployed or minimally employed during the preceding two years, causing financial collapse and resulting in at least two collection lawsuits being filed against him.

50. On information and belief, more than half the debt alleged in the letter and, thus essentially all the amounts RGS's 9/21/2016 Letter offered to waive as part of a settlement, consisted of non-principal amounts (interest and fees).

51. The Internal Revenue Code, 26 U.S.C. §6050P, and Treasury Regulations, 26 C.F.R. §1.6050P-1 requires reporting of certain discharges of indebtedness.

52. Reporting is not required of the discharge of indebtedness:

    (a) that is interest or other non-principal amounts, 26 C.F.R. §§1.6050P-1(d)(2) and (3); or

    (b) of principal not exceeding $600.

53. Furthermore, even if the discharge of indebtedness must be reported, there are substantial exceptions to the tax consequences of the discharge of indebtedness, namely the receipt of income from the discharge of indebtedness.

54. No taxable income results from the discharge of indebtedness if:

    (a) The discharge occurs in bankruptcy proceedings;

    (b) The debtor is insolvent, even if no bankruptcy is filed; or

    (c) The debt is disputed;

55. Many persons who are unable to pay credit card and similar personal debts are insolvent and will not realize income from the discharge of such debts.

56. It is thus entirely possible to forgive $600 or more of the debt and yet not be required to file an IRS Form 1099C.

57. On information and belief, a 1099C was not required for Plaintiff's debt.

58. On information and belief, the creditor of the alleged BMO debt had no intention of filing or sending a 1099C.

59. Furthermore, if a 1099C is filed and the consumer has filed bankruptcy (or is insolvent), the tax consequences consist of having to attach to the consumer's tax return a form stating that the consumer has filed bankruptcy (or is insolvent).

60. Referring to tax consequences in a collection letter is intimidating and misleading,

-8-

Case 1:17-cv-01239-WCG   Filed 09/12/17   Page 8 of 15   Document 1

suggesting to the unsophisticated consumer that failure to pay the entire debt will give rise to problems with the Internal Revenue Service ("IRS").

61. Exhibit A misleads the unsophisticated consumer by implying that:

    (a) Unless the consumer pays the entire amount RGS alleges is owed on the alleged debt, the consumer will be reported to the IRS; and

    (b) Unless the consumer pays the entire amount the letter alleges is owed on the alleged debt, the consumer must pay taxes on the unpaid balance.

62. RGS voluntarily chose to give the tax advice in its 9/21/2016 Letter. No law or regulation obligates RGS to include the statement complained of in its collection letters.

## V. POLICIES AND PRACTICES COMPLAINED OF

63. It is RGS's policy and practice to engage in deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692g(a)(1), as well as Tex. Fin. Code §§ 392.304(a)(8), 392.304(a)(12), 392.304(a)(13), and § 392.304(a)(19).

64. Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. *Kaff v. Nationwide Credit, Inc*., 13cv5413, 2015 WL 12660327 (E.D.N.Y., March 31, 2015); *Wagner v. Client Servs*., Inc., 08cv5546, 2009 WL 839073, at *4 (E.D. Pa. Mar. 26, 2009); *Good v. Nationwide Credit, Inc*., 14cv4295, 2014 WL 5422103, at *3 (E.D. Pa. Oct. 24, 2014); *Kuehn v. Cadle Co*., 5:04cv432, 2007 U.S. Dist. LEXIS 25764 (M.D.Fla., April 6, 2007)

65. On information and belief RGS' collection letters, in the form attached as ***Exhibit A***, were mailed to hundreds of consumers who are similarly situated with Plaintiff.

# VI.  CLASS ACTION ALLEGATIONS

66. Plaintiff brings this claim on behalf of one class, which contains a sub-class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) and (3).

67. With respect to the Class, this claim is brought on behalf of a class of (a) all persons with addresses in the State of Wisconsin (b) to whom RGS mailed a written communication materially similar to the form attached as *Exhibit A*; (c) in an attempt to collect a debt; (d) which was not returned as undelivered by the United States Postal Service; (e) which stated, "The Internal Revenue Service (IRS) requires financial institutions to annually report to the IRS discharges of debt in amount of $600 or greater. If the settlement you agreed to pay results in a discharge of $600 or more of the principle [sic] balance due on your account, the owner of the debt may report that amount to the IRS by filing form 1099c;" and (f) which was sent on or after a date two years prior to the filing of this action and ending 21 days thereafter.

68. With respect to the Class, this claim is brought on behalf of a sub-class of all persons who meet the class definition set forth, *supra*, during the one-year period prior to the filing of this action and on or before a date 21 days thereafter.

69. The identities of all class members are readily ascertainable from the records of RGS and those business and entities on whose behalf it attempts to collect debts.

70. Excluded from the Class are RGS and each of its officers, members, partners, managers, directors, and employees and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

71. There are questions of law and fact common to the Class and its Sub-Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether RGS's written collection communications to consumers, in the form attached as *Exhibit A*, violates 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10), as well

as Tex. Fin. Code §§ 392.304(a)(8), 392.304(a)(12), and 392.304(a)(19).

72. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

73. The Plaintiff will fairly and adequately protect the interests of the Class and Sub-Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

74. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Class and Sub-Class defined above are so numerous that joinder of all members would be impractical.

(c) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and Sub-Class, which predominate over any questions or issues involving only individual class members. The principal issue is whether RGS's standardized, computer-generated, collection letters that it sends to consumers, in the form attached as *Exhibit A* violate 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10), as well as Tex. Fin. Code §§ 392.304(a)(8), 392.304(a)(12), and 392.304(a)(19).

(d) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class and Sub-Class have claims arising out of RGS's common uniform course of conduct complained of herein.

(e) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(f) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

75. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class and Sub-Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

76. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of his class certification motion: (i) seek to modify the definitions of the Class and Sub-Class (defined *supra*) to be more inclusive or less inclusive; (ii) seek to modify the definition of the Class claims (defined *supra*) to be more inclusive or less inclusive; and/or (iii) seek certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

77. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

78. RGS violated the FDCPA. RGS's violations, with respect to its written collection communications in the form attached as *Exhibit A* include, but are not limited to:

   (a) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

   (b) Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2);

   (c) Making false threats to take action that cannot legally be taken and/or that is not intended to be taken in violation of 15 U.S.C. §§ 1692e and 1692e(5); and

   (d) Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10).

## VIII. SECOND CAUSE OF ACTION
## VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

79. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

80. RGS violated Tex. Fin. Code § 392.304(a)(8) by making false, deceptive, and misleading statements regarding the character and extent of the debt it sought to collect.

81. RGS violated Tex. Fin. Code § 392.304(a)(12) by making false, deceptive, and misleading statements that a consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, or other charges that are not authorized by the agreement creating

the obligation or legally chargeable to the consumer.

82. RGS violated Tex. Fin. Code § 392.304(a)(19) by using false, deceptive, and misleading representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

## IX. PRAYER FOR RELIEF

83. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Class and Sub-Class as follows:

**A.  For the FIRST CAUSE OF ACTION**:

    (i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Class and Sub-Class previously set forth and defined *supra*;

    (ii) An award of statutory damages for Plaintiff and the Class and Sub-Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

    (iii) An incentive award to Plaintiff for his services on behalf of members of the Class and Sub-Class.

    (iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    (v) For such other and further relief as may be just and proper.

**B.  For the SECOND CAUSE OF ACTION**:

    (i) An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and Tex. Fin. Code § 392.403(a), and appointing Plaintiff and the undersigned counsel to represent the Class and Sub-Class previously set forth and defined above.

(ii) For injunctive relief for Plaintiff and the Class and Sub-Class pursuant to Tex. Fin. Code § 392.403(a)(1), including enjoining RGS from engaging in further violations of Chapter 392 of the Texas Finance Code as complained of herein;

(iii) For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudicating that RGS's collection conduct complained of violates the violates the TDCPA;

(iv) An incentive award for Plaintiff's services to the Class and Sub-Class.

(v) Attorney's fees, litigation expenses, and costs pursuant to Tex. Fin. Code § 392.403(b); and

(vi) For such other and further relief as may be just and proper.

## X. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

Respectfully submitted this 12th Day of September 2017.

*s/ Heather B. Jones*
Heather B. Jones, Esq.
Philip D. Stern, Esq.
Andrew T. Thomasson, Esq.
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Telephone: (973) 379-7500
Facsimile: (973) 532-5868
E-Mail: heather@sternthomasson.com

Daniel A. Edelman, Esq.
Francis R. Greene, Esq.
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
Telephone: (312) 739-4200
Facsimile: (312) 419-0379
E-Mail: fgreene@edcombs.com
E-Mail: courtecl@edcombs.com

*Attorneys for Plaintiff, Terry Frank, and all others similarly situated*