IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

TERRY FRANK, on behalf of himself and all others similarly situated,

    Plaintiff,

vs.

RGS FINANCIAL INC., a Texas Corporation; and, JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

    Defendants.

Case No.: 1:17-cv-01239-WCG

## PARTIES' RULE 26(f) REPORT

The Parties, having conferred pursuant to Fed. R. Civ. P. 26(f) and the Court's Order dated October 10, 2017 [Doc. 9], respectfully submit the following written Rule 26(f) report:

*1.  Nature of the case*

This matter arises out of claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Texas Debt Collection Practices Act ("TDCPA"), Tex. Fin. Code § 392, *et seq*. Plaintiff, Terry Frank, is a Wisconsin resident who received a collection letter from Defendant, RGS Financial, Inc. ("RGS"), offering to settle a defaulted credit card debt. Plaintiff alleges the collection letters misstates the IRS reporting requirements for discharged debts and otherwise indicates there would be tax consequences if the offer was accepted; however, no statute, regulation, or decision required RGS to make this statement. Plaintiff's lawsuit contends that RGS's reference to IRS reporting was false, deceptive, misleading, and confusing as it suggests to unsophisticated consumers the failure to pay the debt in full will lead to serious problems with the IRS and, therefore, the letters violate §§ 1692e,

1692e(2), 1692e(5), and 1692e(10), as well as Tex. Fin. Code §§ 392.304(a)(8), 392.304(a)(12), and 392.304(a)(19).

RGS disputes all of Plaintiff's FDCPA and TDCPA claims.

2. *Names of related cases.*

- *Buckner v. RGS Financial, Inc.*,
  U.S. District Court, S.D. Ill. Case No. 3:16-cv-01288-SMY-DGW.

3. *Statement of material factual issues.*

The material factual issues include:

- The factual bases for Plaintiff's claims;
- The factual bases for the defenses asserted by RGS; and
- The factual predicates for certification of a class.

4. *Statement of material legal issues.*

The material legal issues include:

- Whether RGS's collection letters violate the FDCPA and/or TDCPA;
- The merits of any affirmative defenses raised by RGS;
- If the letters do violate the FDCPA and TDCPA and RGS's defenses are found to lack merit, the proper measure of damages; and
- Whether this case meets the requirements of Rule 23.

5. *Discovery plan.*

   A. **Initial Disclosures under Rule 26(a).**

   The Parties agree to exchange Rule 26(a) disclosures by November 10, 2017.

   B. **Expert Witnesses.**

   Expert witnesses shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:

*Plaintiff's expert report(s):* April 27, 2018.

*Defendant's expert report(s)*: May 25, 2018.

*Plaintiff's rebuttal expert report(s)*: June 15, 2018.

**C.** **Discovery.**

It is anticipated discovery is needed on the issues described above, as well as on damages and related issues that arise during discovery or based on amendments of the pleadings. The Parties do not believe discovery should be conducted in phases, be limited, or be focused on particular issues.

**D.** **Dispositive Motions.**

The Parties request that dispositive motions should be filed with the Court on or before July 31, 2018.

**E.** **Discovery Cut-Off Date.**

The Parties request that the discovery cut-off date be June 29, 2018.

**F.** **Changes in the Limitations on Discovery.**

The Parties do not request any changes in the limitations on discovery at this time.

**G.** **Discovery of Electronically-Stored Information.**

The Parties have discussed the disclosure or discovery of electronically-stored information. The Parties are aware of their respective duties to preserve such information and do not now anticipate difficulties related to discovery of such information. Apart from all voice and/or video recordings, the Parties agree electronically-stored information may be produced either in electronic format or printed format.

**H.     Inadvertent Production.**

The Parties have agreed as follows with respect to inadvertent production of documents: No disclosure of information by any party in this proceeding following will constitute a waiver of attorney client privilege or work product immunity for purposes of this proceeding or any other state or federal proceeding in accordance with Federal Rule of Evidence 502(d). Inadvertent production of documents subject to the work-product and/or the attorney-client privilege(s), confidentiality, or other legal privilege protecting information from discovery, including electronic meta-data or other file properties, shall not constitute a waiver of the immunity or privilege, provided that the producing party shall, with reasonable promptness, notify the receiving party in writing of such inadvertent production. If reasonably prompt notice is given, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. The party returning such material then may move the Court for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

6. *Other matters.*

   A. **Amendment of Pleadings.**

   The deadline for Parties to amend the pleadings without leave is February 16, 2018.

   B. **Estimated Trial Date and Length.**

   The Parties will be ready for trial 45 days after the Court rules on any motions for summary judgment. The Parties anticipate trial will last 3 days.

   Respectfully submitted this 25th Day of October 2017.

| | |
|---|---|
| *s/ Patrick A. Watts* | *s/ Andrew T. Thomasson* |
| Patrick A. Watts | Andrew T. Thomasson |
| WATTS LAW GROUP LLC | STERN•THOMASSON LLP |
| 212 South Bemiston Avenue, Suite 200 | 150 Morris Avenue, 2nd Floor |
| St. Louis, MO 63105 | Springfield, NJ 07081-1315 |
| Telephone: (314) 669-5490 | Telephone: (973) 379-7500 |
| Facsimile: (888) 632-6937 | Facsimile: (973) 532-5868 |
| E-Mail: pwatts@swattslaw.com | E-Mail: andrew@sternthomasson.com |
| | |
| *Attorney for Defendant, RGS Financial, Inc.* | *One of the Attorneys for Plaintiff, Terry Frank, and all others similarly situated* |