IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| TERRY FRANK, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| vs. | ) Case No.: 1:17-cv-01239-WCG |
| RGS FINANCIAL INC., a Texas Corporation; and, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## JOINT MOTION TO STAY PROCEEDINGS

Plaintiff, Terry Frank, and Defendant, RGS Financial Inc. ("RGS"), respectfully move this Court to briefly stay the proceedings in this matter pending the outcome of a consolidated appeal pending before the Seventh Circuit involving two related cases: *Dunbar v. Kohn Law Firm, S.C. et al.*, No. 17-2134; and *Smith v. Weltman, Weinberg & Reis Co., L.P.A.*, No. 17-2165. In support of this motion, Plaintiff states as follows:

1. Plaintiff brought this class action on September 12, 2017, claiming violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* ("FDCPA") and Texas Debt Collection Practices Act ("TDCPA"), Tex. Fin. Code § 392, *et seq.* Plaintiff's complaint alleges Defendant sent him a collection letter which offered a payment plan on a debt. Plaintiff claims the following language in the collection letter violates the FDCPA and TDCPA:

> The Internal Revenue Service (IRS) requires financial institutions to annually report to the IRS discharges of debt in amount of $600 or greater. If the settlement you agreed to pay results in a discharge of $600 or more of the principle [sic] balance due on your account, the owner of the debt may report that amount to the IRS by filing form 1099c. A copy of this form will be provided to you by the owner of the debt once filed. If you have any questions regarding the 1099c form, please contact your tax advisor.

2. The Parties jointly seek a stay of this case because in the *Dunbar* and *Smith* appeals the Seventh Circuit is addressing whether the district courts properly dismissed the complaints in those cases—both of which alleged similar collection letters which warned of tax consequences violated the FDCPA.

3. RGS has already appeared in the case and filed an Answer. [Doc. 7].

4. The Parties note that, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Aetna State Bank v. Altheimer*, 430 F.2d 750, 755 (7th Cir. 1970)(quoting *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936)). A brief stay of this case pending the outcome of the *Dunbar* and *Smith* appeals will assist the Parties' post-appeal efforts to narrow the issues and discovery, and possibly settle the case in its entirety. Such a stay will not prejudice the Parties and the administration of justice will not be adversely affected; rather, a stay will conserve the resources of the Parties and the Court.

**WHEREFORE** the Parties respectfully move the Court to stay the proceedings in this matter pending the outcome of decision by the Seventh Circuit in *Dunbar* and *Smith*.

Respectfully submitted this 31st Day of October 2017.

| *s/ Patrick A. Watts* | *s/ Andrew T. Thomasson* |
|---|---|
| Patrick A. Watts<br>WATTS LAW GROUP LLC<br>212 South Bemiston Avenue, Suite 200<br>St. Louis, MO 63105<br>Telephone: (314) 669-5490<br>Facsimile: (888) 632-6937<br>E-Mail: pwatts@swattslaw.com | Andrew T. Thomasson<br>STERN•THOMASSON LLP<br>150 Morris Avenue, 2nd Floor<br>Springfield, NJ 07081-1315<br>Telephone: (973) 379-7500<br>Facsimile: (973) 532-5868<br>E-Mail: andrew@sternthomasson.com |
| *Attorney for Defendant, RGS Financial, Inc.* | *One of the Attorneys for Plaintiff, Terry Frank, and all others similarly situated* |